UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cushman & Wakefield U.S., Inc., doing business as, Cushman & Wakefield<br><br>Plaintiff(s),<br><br>vs.<br><br>3551 and 3371 N Buffalo Owner LLC, et al.,<br><br>Defendant(s). | 2:25-cv-00631-MDC<br><br>ORDER DENYING DEFENDANTS' MOTION FOR BOND (ECF NO. 8) AS MOOT; GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 14); AND GRANTING DEFENDANTS' MOTION TO EXTEND TIME (ECF NO. 19) NUNC PRO TUNC |

The defendants filed a *Motion for Bond*, a *Motion to Dismiss*, and a *Motion for an Extension of Time* (ECF Nos. 8, 14, and 19). The Court DENIES the defendants' Motion for Bond as MOOT. *ECF No. 8*. The defendants' Motion to Extend Time is GRANTED *nunc pro tunc*. *ECF No. 19*. The defendants' Motion to Dismiss is GRANTED without prejudice. *ECF No. 14*.

I.  BACKGROUND

This is a commercial real estate case. The parties dispute a commission amount allegedly due to the plaintiff real estate brokerage company by defendant 3351 and 3371 N Buffalo Owner, LLC. The other defendant companies and individuals are named as alter egos. The disputed commission is being held in escrow.

II.  DEFENDANTS' MOTION FOR BOND

The plaintiff is a Missouri company and the defendants removed this case pursuant to diversity jurisdiction. *ECF No. 1*. The defendants seek a cost bond pursuant to NRS 18.130(1). *ECF No. 8*. The plaintiff does not dispute the bond requirement, and incorporated in its response, is the sworn undertaking (i.e., bond) by the plaintiff. *ECF No. 9*. Defendants did not dispute that the undertaking set forth in the response satisfied NRS 18.130. The Court thus denies the defendants' Motion for Bond as moot.

## III. DEFENDANTS' FIRST MOTION TO EXTEND TIME

The defendants asked for an eleven-day extension of time to file its reply to the Motion to Dismiss. *ECF No. 19*. Plaintiff opposes because it does not believe that counsel's workload and a planned vacation constitutes sufficient cause. *ECF No. 20*. Defendants filed the reply on time. *ECF No. 21*.

Plaintiff's opposition to defendant's request for extension is not reasonable. Plaintiff does not articulate any specific, actual prejudice resulting from defense counsel's extension request. Defendants' request is modest and based in part on a previously planned vacation of its counsel, James Whitmire, which is objectively reasonable and sufficient good cause. The Court expects counsel to cooperate, accommodate, and extend professional and personal courtesies. The State Bar of Nevada also expects lawyers to show and extend personal and professional courtesies. Among other things, the *Creed of Professionalism and Civility* adopted by State Bar of Nevada Bar on January 19, 2023 (rev. 06/21/23) expressly provides that lawyers:

> 11 [W]ill endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions of other counsel.

> 12 [W]ill explain to our clients that cooperation is the professional norm. We will explain how procedural agreements do not compromise the clients' interests.

*Id.* Refusals for modest and reasonable extensions are not only petty but distract from the merits. The Court warns the parties and counsel that failure to cooperate, accommodate, and extend professional and personal courtesies will result in sanctions to the party and to counsel. The defendants' Motion to Extend Time is granted *nunc pro tunc*.

//

## IV. DEFENDANTS' MOTION TO DISMISS

Defendant 3551 and 3371 N Buffalo Owner LLC filed an answer (ECF No. 15), but the rest of the defendants' filed a joint motion to dismiss (ECF No. 14). The defendants seeking dismissal argue they are not parties to the contract and that the Court lacks jurisdiction over them.

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

The alter-ego theory of personal jurisdiction is a "narrow exception" to the general rule that

company contacts are not imputed to an owner. *Viega GmbH v. Eighth Jud. Dist. Ct.*, 130 Nev. 368, 376, 328 P.3d 1152, 1157 (2014). This Court generally looks to Nevada law when addressing claims of alter ego. *See Budnick v. Your Mgmt.*, LLC, 2010 WL 11575643, at *3 (D. Nev. Feb. 11, 2010)("The determination of whether an individual is the alter ego of a corporation is governed by Nevada state law.")(citing *Towe Antique Ford Foundation v. IRS*, 999 F.2d 1387 (9th Cir. 1993)). But this Court is not limited only to Nevada law when addressing Nevada corporate matters, such as alter ego. This Court may also rely on Delaware authorities as persuasive in interpreting Nevada corporate law. *See Hilton Hotels Corp. v. ITT Corp.*, 978 F. Supp. 1342, 1346 (D. Nev. 1997)(where "there is no Nevada statutory or case law on point for an issue of corporate law, this Court finds persuasive authority in Delaware case law."). *See also Complaint, ECF No. 1 at ¶10 (referencing Delaware law).*

The elements of alter ego are:

> (1) the corporation must be influenced and governed by the person asserted to be the alter ego; (2) there must be such unity of interest and ownership that one is inseparable from the other; and (3) the facts must be such that adherence to the corporate fiction of a separate entity would, under the circumstances, sanction fraud or promote injustice….It is not necessary that the plaintiff prove actual fraud. It is enough if the recognition of the two entities as separate would result in an injustice.

*Polaris Indus. Corp. v. Kaplan*, 103 Nev. 598, 601, 747 P.2d 884, 886 (1987)(citing *McCleary Cattle Co. v. Sewell*, 73 Nev. 279, 282, 317 P.2d 957, 959 (1957). *See Complaint, ECF No. 1 at ¶¶2, 19.*

Mere breach of contract claims are not the type of injustice sufficient to establish alter ego. *Mobil Oil Corp. v. Linear Films*, Inc., 718 F. Supp. 260, 268 (D. Del. 1989). "[T]his type of "injustice" is not what is contemplated by the common law rule that piercing the corporate veil is appropriate only upon a showing of fraud or something like fraud….To hold otherwise would render the fraud or injustice element meaningless, and would sanction bootstrapping." *Id.* Thus, when a plaintiff alleges only contract claims, plaintiff is required to sufficiently plead fraud or something like fraud with respect to the transaction at issue, which this Court has previously determined requires a heightened

pleading standard:

> Additionally, fraud is a necessary element of the alter ego doctrine…Thus, a party pleading alter ego must satisfy the heightened pleading standard of Fed.R.Civ.P. 9(b)…. Fraud under Fed.R.Civ.P. 9(b) requires a party to state with particularity the circumstances constituting [the] fraud. Thus to sufficiently plead fraud a plaintiff must provide an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations…. Additionally, fraudulent intent must be proven with facts, and may not be inferred solely from a company's "bleak financial condition.

*Interactive Fitness, Inc. v. Basu*, No. 2:09-CV-01145-KJD, 2011 WL 1870597, at *6 (D. Nev. May 13, 2011)(internal quotations and citations omitted).

**B. Analysis**

Plaintiff asserts only contract related claims (i.e., breach of contract, regular breach of implied covenant of good faith and fair dealing, and an alternative claim for unjust enrichment). The only defendant to the agreement giving rise to plaintiff's claims is 3351 and 3371 N. Buffalo Owner, LLC ("Defendant-Owner"). *See Complaint, ECF No. 1 at ¶¶2, 19.* Per plaintiff's allegations, all actions relative to plaintiff's claims were taken by or on behalf of Defendant-Owner. *Id. at ¶¶23, 25, 27, 28, 29, 30, 31.* Plaintiff does not allege any actions taken by defendants Wellness Holdings GP, LLC ("Wellness Holdings"), Wellness Real Estate Holdings LLC ("Wellness Real Estate"), Jeffrey Bogino ("Bogino") or Patrick Haynes ("Haynes") relative to his claims. Instead, plaintiff attempts to hold these defendants liable for Defendant-Owner's alleged breach of contract under an alter ego theory.

Whether the court has personal jurisdiction over moving defendants is irrelevant unless the plaintiff can state a claim against them. Here, plaintiff does not assert any direct claims against moving defendants. Instead, moving defendants' liability is vicarious/indirect via the plaintiff's claims against the Defendant-Owner. Plaintiff has not sufficiently alleged alter ego. Plaintiff's complaint merely recites some of these alter ego elements and adding general, conclusory allegations of "undercapitalization" and "comingling of funds" which are not related to the transaction at issue. See

Complaint, ECF No. 1 at ¶¶6-13. Under federal law, a plaintiff does not sufficiently plead alter go by merely reciting the elements of such liability.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specific facts supporting both of the necessary elements. *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015)(citations omitted). Plaintiff must sufficiently allege alter ego before the Court will reach the personal jurisdiction issue. The plaintiff will not be prejudiced by dismissal at this stage because the full amount of the commission is being held in escrow.

In addition, plaintiff fails to allege how adherence to the corporate fiction of defendants a Wellness Holdings, Wellness Real Estate, Bogino, or Haynes would "sanction fraud or promote injustice." *Polaris Indus. Corp.*, 103 Nev. at 601, 747 P.2d at 886.  As stated above, plaintiff has simply asserted breach of contract claims, where the entire disputed commission of $274,400.00 remains in escrow.  See Complaint, ECF No. 1 at ¶¶29, 30.  Because plaintiff's claims are mere contractual claims, plaintiff is required to sufficiently plead fraud or something like fraud with respect to the transaction at issue to establish the fraud or injustice element of his alter ego claim.  *Mobil Oil Corp.* 718 F. Supp. at 268.  Plaintiff fails to allege any fraud or injustice to state alter ego liability. In sum, plaintiff does not allege sufficient facts to state alter ego liability against defendants Wellness Holdings, Wellness Real Estate, Bogino, or Haynes.

Plaintiff requests leave to amend if the complaint is dismissed. "If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber*

*Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Because it does not appear that amendment would be futile, leave to amend is granted.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Defendants' *Motion for Bond* (ECF No. 8) is DENIED AS MOOT.

2. Defendant's *Motion to Dismiss* (ECF No. 14) is GRANTED without prejudice and with leave to amend.

3. If the plaintiff elects to do so, it must file the amended complaint by **August 25, 2025.**

4. Defendants' *Motion to Extend Time* (ECF No. 19) is GRANTED nunc pro tunc.

DATED: August 11, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge