UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CUSHMAN & WAKEFIELD U.S., INC., a Missouri corporation, d/b/a Cushman & Wakefield,<br><br>          Plaintiff<br><br>vs.<br><br>3351 and 3371 N BUFFALO OWNER LLC, a Delaware limited liability company,<br><br>          Defendant. | Case No.: 2:25-cv-00631-MDC<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 25) AND DENYING MOTION FOR A SCHEDULING CONFERENCE (ECF NO. 33)** |

The Court has considered the *Motion to Summary Judgment* ("Motion") (ECF No. 25) by plaintiff Cushman & Wakefield, U.S., Inc. As discussed below, defendant has shown genuine disputes as to material facts. Accordingly, plaintiff's Motion is **DENIED** without prejudice. The Court also **DENIES** defendant's Motion for a Scheduling Conference (ECF No. 33) and directs the parties to file a stipulated discovery plan and scheduling order by **November 21, 2025.**

### DISCUSSION

I.    **BACKGROUND**

This is a breach of contract case concerning the sale of commercial real estate property ("Property") owned by defendant, 3351 and 3371 N Buffalo Owner, LLC. Plaintiff and defendant entered into a *Commission Agreement for Sale* ("Commission Agreement")(ECF No. 1, p. 17). The relevant portions of the Commission Agreement state:

> 3351 and 3371 N Buffalo Owner, LLC ("Seller") and Cushman & Wakefield, U.S., Inc. ("C&W") agree that Seller with pay C&W a commission as set forth below in the event that seller and **Clark County, a Political Subdivision of the State of Nevada** or any affiliate thereof ("Purchaser, consummate a sale of all or any portion of the real property located at **335~ N. Buffalo Rd. (APN: 138-09-801-024) and/or 3371 N.**

**Buffalo** Dr. **(APN: 138-09-801-021)** located in **Las Vegas, NV 89129** (the "Property").

1. <u>Commission</u>. If the Seller and Purchaser consummate a sale of all or any portion of the Property, Seller will pay to C&W a commission in accordance with the attached Schedule of Commissions.

….

4. <u>Miscellaneous</u>. This agreement shall be governed by the laws of the State of Nevada, without giving effect to principles of conflicts of law. This agreement shall benefit and be binding upon the parties and their respective successors and assigns. This agreement may be signed and delivered (including by facsimile, "pdf" or other electronic transmission) in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement. The term "Seller" shall also be deemed to mean "Owner" and vice versa.

….

7. <u>Entire Agreement.</u> This agreement is the entire agreement between the parties regarding the subject matter herein, and no amendments, changes or modifications may be made to this agreement without the written consent of both Seller and C&W.

****

SCHEDULE OF COMMISSIONS FOR SALE

**Rate(s):**

       2% of the total sales price.

**Time of Payment:** The commission shall be paid in full at the time of the closing or transfer of title to the Property, except in the case of an installment purchase contract, in which case the commission shall be paid in full at the time of the execution and delivery of the installment purchase contract between Owner and purchaser.

**Computation of Sales Price:** The commission shall be computed in accordance with the above rate(s) based upon the total sales price, which shall include any mortgages, loans or other obligations of Owner which may be assumed by the purchaser or which the purchaser takes title "subject to," any. purchase money loans or mortgages taken back by Owner, the sales price of any fixtures or other personal property sold by separate agreement between Owner and purchaser as part of the overall sales of the real property, and the current market value of any other real or personal property transferred from the purchaser to Owner.

*ECF No. 1 at pp. 17, 19.*

Defendant sold the Property to Clark County in late 2024 for a purchase price of $13,720,000.00. *ECF Nos. 25 and 29.* At issue is the commission owed by defendant to plaintiff. Plaintiff claims that, pursuant to the Commission Agreement, defendant owes plaintiff a commission of $274,400.00, which is 2% of the $13,720,000.00 sales price. Defendant claims the parties orally modified the Commission Agreement and agreed to a reduced commission of $100,000.00. Defendant also claims that there are issue of material fact as to whether plaintiff failed to fulfill its statutory duties under Nev. Rev. Stat. 645.252 and 645.254.

## II.   GENERAL SUMMARY JUDGMENTS STANDARDS

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). "If a party fails ... to properly address another party's assertion of fact ... the court may ... consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e). Summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is not "sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe*

*N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). The court may only consider facts that could be presented in an admissible form at trial in deciding a motion for summary judgment. *See* Fed. R. Civ. Pro. 56(c).  *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is not "sufficient evidence for a reasonable jury to return a verdict for the non-moving party"

### III. DEFENDANT ESTABLISHED ISSUES OF FACT AS TO WHETHER THE PARTIES AGREED TO MODIFY THE COMMISSION AGREEMENT

Defendant argues the parties entered into an oral agreement to modify the Commission Agreement and reduce the commission rate from 2% of the sales prices to $100,000.00.  *ECF No. 29 at 14*.  Plaintiff denies that the parties orally agreed to such modification. *EFC No. 25 at p.7.*  Substantively, the Commission Agreement is governed by Nevada law.  *ECF No. 1 at p. 17.*  "In Nevada, a written contract that contains a clause expressly forbidding future oral modifications may still be modified by later oral agreements between the parties." *CCR/AG Showcase Phase I Owner, LLC v. United Artists Theatre Cir., Inc.*, No. 2:08-CV-00984-RCJ-GWF, 2009 WL 10872713, at *4 (D. Nev. Nov. 3, 2009)(citing *Silver Dollar Club v. Cosgriff Neon Co.*, 389 P.2d 923, 924 (Nev. 1964).   Thus, the Commission Agreement may be modified by an oral agreement notwithstanding that it provides that "no amendments, changes or modifications may be made to this agreement without the written consent of both Seller and C&W."  *ECF No. 1 at p. 17.*

"Although parties to a written contract may orally modify it and parol evidence of the subsequent agreement is not summarily excluded, all parties must agree to the new terms." *Joseph F. Sanson Inv. Co. v. Cleland*, 97 Nev. 141, 142, 625 P.2d 566, 567 (1981)(citations omitted). The parties' consent to modification can be implied from conduct consistent with the asserted modification. *Jensen v. Jensen*, 104 Nev. 95, 98, 753 P.2d 342, 344 (1988)(*citing Clark County Sports Enter. v. City of Las Vegas*, 96 Nev. 167, 171, 606 P.2d 171, 175 (1980)).  "Courts do not weigh evidence on summary judgment but examine the state of the evidence to determine whether there remain genuine issues of fact, material to

resolving the issue." *Rodriguez v. Las Vegas Metropolitan Police Dep't*, No. 2:15-CV-1212-GMN-NJK, 2018 WL 6596833, at *4 (D. Nev. Dec. 13, 2018).

Viewing the facts in the light most favorable to defendant, defendant has produced sufficient evidence to raise a genuine issue of material fact whether the parties agreed to modify the commission payment. Whether the parties agreed to modify the Commission Agreement turns on the conduct and communications between the parties. The pace of the transaction and timing of the communications further raises issues of fact. Thus, while plaintiff offers some evidence that it rejected defendant's proposed oral modification, the timing of such rejection raises issues of fact as to whether the conduct of the parties prior to plaintiff's rejection constituted acceptance of the oral modification[1] (*see Jensen,* 104 Nev. at 98, 753 P.2d at 344), upon which defendant relied. Such matters necessarily require weighing the evidence and assessing the credibility of the parties' witnesses. These matters are for the trier of fact and not appropriate for summary judgment.

IV.     **DEFENDANT'S MOTION FOR A SCHEDULING CONFERENCE**

The Court has also considered the defendant's Motion for a Scheduling Conference and denies it at this time. The parties represent in their briefing that they reached an impasse regarding setting deadlines in the scheduling order. *ECF Nos. 33 at 4 and 34 at 4*. Federal Rule of Civil Procedure 1 obligates lawyers representing adverse parties "to work together, and with the court, to achieve prompt and efficient resolutions of disputes." See *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (discussing the 2015 amendments to the Federal Rules of Civil Procedure). The Court directs counsel to meet and confer in good faith. The parties must file a stipulated discovery plan and scheduling order by **November 21, 2025**.

---

[1] The parties' consent to modification can be implied from conduct. *Jensen*, 104 Nev. at 98, 753 P.2d at 344. A party may also accept an oral modification to an agreement though silence. *Metro Acquisitions, LLC v. Sunset III, LLC*, No. 8-CV-00524-RCJ-LRL, 2009 WL 10709707, at *6 (D. Nev. May 19, 2009)(citing *Clark County Sports Enterprises, Inc.*, 96 Nev. 167, 606 P.2d at 175).

V.  **CONCLUSION & ORDER**

For the foregoing reasons,

**IT IS ORDERED** that:

1. Plaintiff's *Motion for Summary Judgment* (ECF No. 25) is **DENIED** without prejudice.

2. Defendant's Motion for a Scheduling Conference (ECF No. 33) is **DENIED**. The parties must file a stipulated discovery plan and scheduling order by **November 21, 2025**.

Dated:  November 14, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

6