UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CUSHMAN & WAKEFIELD U.S., INC., a Missouri corporation, d/b/a Cushman & Wakefield,<br><br>　　　　　　Plaintiff<br>vs.<br><br>3351 and 3371 N BUFFALO OWNER LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants | Case No.: 2:25-cv-00631-MDC<br><br>**ORDER SANCTIONING PLAINTIFF'S COUNSEL FOR FAILING TO COMPLY WITH A COURT ORDER** |

　　　The Court has reviewed plaintiff's *Response* (*ECF No. 42*) to the Court's 11/25/25 *Order To Show Cause* (*ECF No. 41*)("OSC") why plaintiff and/or its counsel should not be sanctioned for failing to comply with the Court's November 14, 2025 Order (*ECF No. 36*)("11/14/25 Order). Under the circumstances here, the Court finds that plaintiff did not show cause and that sanctions are appropriate.

　　　For the reasons stated more fully below, plaintiff's counsel, Mitchell Stipp, is sanctioned a **$200.00** fine, payable to the Clerk of the United States Court for the District of Nevada for failing to comply with the Courts 11/14/25 Order (*ECF No. 36*). Mr. Stipp shall pay the **$200.00** sanction by **January 8, 2026**, and immediately thereafter file a Notice of Compliance.

**DISCUSSION**

**I.　　BACKGROUND**

　　　Plaintiff initially commenced this action on March 7, 2025, in the Nevada state court. Defendants removed the action to this Court on April 8, 2025 (*ECF No. 1*). Defendants' removal constituted their first appearance under Local Rule 26-1(a) and triggered that rule's requirement for the Fed. R. Civ. P. 26(f) conference "to be held within 30 days after the first defendant answers or otherwise

1

appears." *Id*.  Local Rule 26-1(a) further provides that, "[f]ourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order." *Id.*

The parties did not comply with Local Rule 26-1(a) and did not submit a stipulated discovery plan and scheduling order.  On November 14, 2025, the Court entered an order (*ECF No. 36*)("11/14/25 Order") denying plaintiff's motion for summary judgment and compelling the parties to file a stipulated discovery plan and scheduling order by November 21, 2025.

On November 21, 2025, defendant Buffalo Owner[1] complied with the Court's 11/14/25 Order and submitted a unilateral discovery plan and scheduling order because the parties were unable to agree to certain matters.  *ECF No. 37*.  On November 24, 2025, the Court denied defendant's discovery plan and scheduling order because it was missing a judicial signature block required by Local Rule IA 6-2 and requested a corrected filing by December 2, 2025.  *ECF No. 38*.  Defendant promptly complied and submitted a corrected discovery plan and scheduling order on November 24, 2025 (*ECF No. 39*), which the Court adopted and entered on November 25, 2025 (*ECF No. 40*).  Meanwhile, plaintiff did not: (a) respond to defendant's proposed discovery plan and scheduling order; (b) file its own plan and scheduling order; (c) advise the Court of the parties' dispute precluding a stipulated plan and scheduling order; or (d) otherwise attempt to comply or respond to the Court's 11/14/25 Order.

Thus, on November 25, 2025, the Court issued the OSC directing plaintiff to show cause in writing by December 2, 2025, why (1) plaintiff failed to comply with the Courts Order and (2) plaintiff and/or its counsel should not be sanctioned.  *ECF No. 42*.  On December 2, 2025, plaintiff filed its response to the OSC.  *ECF No. 42*.

---

[1] The Court dismissed defendants Patrick Haynes, Wellness Holdings GP, LLC, Wellness Real Estate Holdings, LLC and Jeffrey Bogino on August 11, 2025 (*ECF No. 24*).

## II. APPLICABLE LAW

"Parties and attorneys are required to follow court orders." *Hinostroza v. Denny's Inc.*, No. 2:17-cv-02561-RFB-NJK, 2019 U.S. Dist. LEXIS 7508, at *4-5 (D. Nev. Jan. 16, 2019). The Court has "broad discretion to impose sanctions." *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1397 (9th Cir. 1993). The Court also has wide authority to impose sanctions. Per Fed. R. Civ. P. 16(f)(1)(C), the Court may impose any "just" sanctions under Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney "fails to obey a scheduling or other pretrial order." *Id.* A finding of bad faith under Rule 16 is not required. Sanctions per Rule 16 may be imposed even when disobedience is unintentional. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).

The Court may impose "any and all appropriate" sanctions under Local Rule IA 4–1. *Id.* Finally, the Court may impose sanctions pursuant to its inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, n. 13 (1991)(there is no indication in Rule 16 "of an intent to displace the inherent power, but rather simply to provide courts with an additional tool by which to control the judicial process."). The Court also has discretion to fashion appropriate sanctions. Among other things, the Court may award fees to the opposing party. *See CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760 (D. Nev. Dec. 5, 2013). The Court may also impose fines as a sanction. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–96 (8th Cir. 2001) ("Rule 16(f) expressly permits a judge to impose any other sanction the judge deems appropriate in addition to, or in lieu of, reasonable expenses…. Here, the district court judge acted well within his discretion by imposing a monetary fine payable to the Clerk of the District Court as a sanction….").

//

//

//

### III. PLAINTIFF DID NOT SHOW CAUSE FOR FAILING TO OBEY THE COURT'S 11/14/25 ORDER

Plaintiff's counsel argues that neither he nor plaintiff acted in bad faith. Instead, plaintiff did not file the stipulated discovery plan and scheduling order required by the 11/14/25 Order because the parties could not stipulate to discovery and pre-trial deadlines and defense counsel rejected a proposal for the parties to file a brief extension request to continue conferring. *ECF No. 42*. Foremost, bad faith is not a requisite for sanctions. As stated above, sanctions per Rule 16 may be imposed even when disobedience is unintentional. *See Lucas Auto. Eng'g, Inc.*, 275 F.3d at 769.

Substantively, plaintiff's arguments are not persuasive considering that defendant, who was in the identical position, took steps to comply with the Court's order by submitting its own discovery plan and scheduling order. Plaintiff's counsel does not show good cause why he failed to take similar steps or timely advise the Court of the alleged predicament and discovery dispute. Counsel suggests he acted without bad faith and remained silent on his speculative belief that the Court would somehow overlook plaintiff's non-compliance, deny defendant's unilateral filing, and order the parties to further confer. *ECF No. 42*. Again, bad faith is not a prerequisite for sanctions for noncompliance. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). More importantly, counsel had an obligation to speak up and take affirmative action in responding to the Court's 11/14/25 Order. *See Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.,* 750 F.3d 1, 6 (1st Cir. 2014)("We have said before, and today reaffirm, that a party's first obligation is to make every effort to comply with [a] court's order. The second is to seek consent if compliance is, in fact, impossible. And the third is to seek court approval for noncompliance based on a truly valid reason.")(internal quotations omitted) (*quoting Cintron-Lorenzo v. Departamento de Asuntos del Consumidor,* 312 F.3d 522, 527 (1st Cir. 2002)).

//

//

### IV.   CONCLUSION and ORDER

In sum, none of the reasons offered by plaintiff's counsel establish good cause for failing to obey the Court's 11/14/25 Order or comply with his obligations to timely seek relief. *See Rivera-Velazquez,* 750 F.3d at 6.  For the foregoing reasons, pursuant to Fed. R. Civ. P. 16(f), Local Rule IA 4–1, and the Court's inherent powers:

**IT IS ORDERED** that plaintiff's counsel, Mitchell Stipp, is sanctioned a **$200.00** fine, payable to the Clerk of the United States Court for the District of Nevada for failing comply with the Court's 11/14/25 Order (*ECF No. 36*).

**IT IS FURTHER ORDERED** that Mr. Stipp shall pay the **$200.00** sanction by **January 8, 2026**, and immediately thereafter file a Notice of Compliance.

Dated:  December 8, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge